# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-893V**
**Filed: September 11, 2019**
UNPUBLISHED

|  |  |
|---|---|
| CANDACE M. BERLIN,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Nancy Routh Meyers, Ward Black Law, Greensboro, NC,* for petitioner.
*Jeffrey T. Sprague, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On June 22, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury that was caused by an influenza ("flu") vaccination in her right deltoid on September 16, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 22, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for her shoulder injury. On September 9, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $110,000.00. Proffer at 1-2. In the Proffer, respondent represented that petitioner

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $110,000.00 in the form of a check payable to petitioner, Candace M. Berlin.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                       )
CANDACE M. BERLIN,                     )
                                       )
            Petitioner,                )          No. 18-893V    ECF
                                       )
       v.                              )          Chief Special Master Dorsey
                                       )
SECRETARY OF HEALTH                    )
AND HUMAN SERVICES,                    )
                                       )
            Respondent.                )
_____ )

**PROFFER ON AWARD OF COMPENSATION[1]**

**I.    Procedural History**

On June 22, 2018, Candace Berlin ("petitioner") filed a petition for compensation

("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34, *as amended*.  She alleges that, as a result of receiving the influenza vaccine on September 16,

2016, she suffered from a right shoulder injury related to vaccine administration ("SIRVA").

Petition.  On August 19, 2019, respondent filed his Vaccine Rule 4(c) report, conceding SIRVA

as a Table injury.  On August 22, 2019, the Chief Special Master issued a ruling on entitlement,

finding that petitioner was entitled to compensation for SIRVA.

**II.    Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded

a lump sum of **$110,000.00,** for all damages, with the full amount being for pain and suffering,

paid in the form of a check to petitioner.  This amount represents all elements of compensation to

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to
address after the Damages Decision is issued.

which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

III.  **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$110,000.00** in the form of a check payable to petitioner.[2] Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/Jeffrey T. Sprague*
JEFFREY T. SPRAGUE
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4179
Dated:  September 9, 2019          Fax: (202) 616-4310

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.